T.C. Memo. 1996-11

UNITED STATES TAX COURT

GENE E. & MARILYN NARRAMORE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 34184-87.                    Filed January 22, 1996.

<u>David G. Hendricks</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge John J. Pajak pursuant to section 7443A(b)(4) of the Code
and Rules 180, 181, and 183.  Unless otherwise indicated, all
section numbers refer to the Internal Revenue Code for the
taxable year in issue, and all Rule numbers refer to the Tax
Court Rules of Practice and Procedure.  The Court agrees with and

adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Prosecution and respondent's Motion to Award Damages pursuant to section 6673.

Respondent determined a deficiency in and additions to petitioners' Federal income tax, with increased interest, as follows:

| | | Additions to Tax under Sections | | | Increased Interest under Section |
|------|------------|-----------|-----------|-------|-----------|
| Year | Deficiency | 6653(a)(1) | 6653(a)(2) | 6661 | 6621(c) |
| 1983 | $25,256 | $1,263 | 1 | 6,314 | 2 |

1 50 percent of the interest due on $25,256, which is the underpayment of tax due to negligence.

2 $16,800 of the deficiency is a substantial underpayment attributable to a tax motivated transaction for purposes of computing the interest payable with respect to such amount under section 6621(c).

The Court must decide whether respondent's motion to dismiss for lack of prosecution should be granted and whether petitioners are liable for a penalty under section 6673.

For clarity and convenience, the findings of fact and conclusions of law have been combined.

Petitioners lived in Broken Arrow, Oklahoma, when their petition was filed. Petitioners filed their petition on October 19, 1987. They put the entire amount set forth in the notice of deficiency into controversy.

Respondent's Appeals Officer scheduled conferences for February 4, 1988, and March 4, 1988. The Appeals Officer offered petitioners the opportunity to set the date and time of the conferences. Petitioners refused to attend any conferences or to discuss the issues in this case.

In August 1988, petitioners were afforded the opportunity to settle a portion of this case according to a uniform settlement offer developed with regard to the Petro West tax litigation project. Petitioners did not provide the Appeals Officer with the documentation necessary to settle the case (i.e., verification of cash out-of-pocket expenses), nor did they respond to the settlement offer.

On August 11, 1988, respondent sent petitioners a Branerton letter, Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), and invited petitioners to meet for an informal discovery conference on August 17, 1988. Respondent also suggested that petitioners assemble documents and other records to establish that petitioners were not liable for the adjustments set forth in the notice of deficiency. The letter gave petitioners the option of stipulating to be bound by the outcome of the lead case in the Petro West tax litigation project. Petitioners failed to appear for the August 17, 1988, meeting and also failed to provide any of the requested documents.

Respondent, by formal discovery pursuant to Rule 72, requested on August 17, 1988, and August 25, 1988, that

petitioners produce documents, and on August 25, 1988, also requested permission to enter petitioners' alleged mining claim for the purpose of inspecting it. Petitioners failed to respond to these formal discovery requests.

On September 2, 1988, a letter from petitioners was filed by this Court as a Motion to Dismiss. The motion, in part, asked that the petition be withdrawn due to an Affidavit of Revocation and Rescission (ARR), which was attached to the motion. The ARR was replete with tax protester arguments. In the ARR, Gene E. Narramore (petitioner) states that "I am not and never was a 'taxpayer' as the term is defined in the Internal Revenue Code, a 'person liable' for any Internal Revenue tax, or a 'person subject to the provisions of that Code, and declare that I am, and have always been, a 'nontaxpayer.'" The motion was denied on September 9, 1988.

On November 7, 1988, this Court filed a November 2, 1988, two-page letter, from petitioner and treated it as a Motion to Vacate. The letter again sought to withdraw the petition and again attached the AAR. Petitioner's November 2, 1988, letter was also replete with familiar tax protester statements; i.e., petitioner's "current 'non-taxpayer status'" and "fraud by the U.S. Government, the IRS, the various media and others." It alluded to constitutional arguments that this Court and other Federal Courts have repeatedly held to be without merit. E.g.

Rowlee v. Commissioner, 80 T.C. 1111 (1983).  This Court denied the motion on November 22, 1988.

On February 23, 1989, this Court dismissed petitioners' case at docket No. 5010-88, for lack of prosecution due to their failure to appear at a February 13, 1989, calendar call at Muskogee, Oklahoma.  The Court entered a decision that, for the year 1984, petitioners owed an income tax deficiency of $212,697, with additions to tax under sections 6653(a)(1) and 6661 of $10,635 and $53,174, respectively, and under section 6653(a)(2) of 50 percent of the interest due on the deficiency.

On May 14, 1990, respondent offered petitioners the opportunity to be bound by the outcome of the then pending case of Gampp v. Commissioner, docket No. 16968-87, as to the Petro West issue.  In this letter, respondent cautioned petitioners that the Government would seek an award of damages pursuant to section 6673 if they continued to pursue their frivolous protester arguments.  Petitioners did not respond to this correspondence.

By letters dated June 23, 1994, August 18, 1994, August 24, 1994, and August 29, 1994, respondent attempted to enlist petitioners' assistance in preparing this case for trial. Forwarded with this correspondence were copies of Rule 70(a)(1), Rule 91(a), Order dated August 2, 1994, with attached Standing Pre-Trial Order, Stipulated Decision Document, Gampp v. Commissioner, T.C. Memo. 1991-548.

Respondent received a July 4, 1994, letter from John B. Kotmair, Jr., of Save-A-Patriot Fellowship. Mr. Kotmair and petitioners were advised by respondent that since Mr. Kotmair had not made an entry of appearance, respondent would continue to correspond directly with petitioners. Thereafter, respondent received a letter dated August 5, 1994, from petitioner describing a hearing disability and indicating that he would forward all correspondence to Mr. Kotmair.

An Order setting this case for trial at the Oklahoma Trial Session with a date certain of 10:00 a.m. Tuesday, October 4, 1994, was served on petitioners on August 3, 1994. Attached to the Order was a Standing Pre-Trial Order directing the parties to meet for purposes of settlement and/or preparation of a stipulation, and warning that dismissal was possible if any unexcused failure to comply with the Order affected the timing or conduct of the trial. Among other things, unless a basis of settlement had been reached, the parties were ordered to exchange Trial Memoranda.

Respondent received a letter dated August 24, 1994, from petitioner in which petitioner stated that he was not subject to the jurisdiction of this Court as a result of the ARR previously sent to the Court. In this letter, petitioner threatened a suit for damages against all individuals who did not honor the ARR.

Respondent, in a September 2, 1994, letter, again cautioned petitioners that the Court has authority to award a penalty of up

to $25,000 pursuant to section 6673.  Respondent also provided a copy of <u>Estate of Ming v. Commissioner</u>, 62 T.C. 519 (1974), and again requested that petitioners assist in the preparation of this case for trial.

Respondent received a September 10, 1994, letter from petitioner in which petitioner acknowledged receipt of respondent's September 2, 1994, letter.  Once again, petitioner alluded to his ARR.

On September 14, 1994, respondent timely served a copy of respondent's trial memorandum on petitioners.  Petitioners failed to timely submit a trial memorandum as required by the Court's Standing Pre-Trial Order.

On October 4, 1994, petitioners failed to appear for the scheduled trial of this case.  Respondent entered an appearance and filed the two motions currently before us.

<u>Motion to Dismiss</u>

With respect to respondent's motion to dismiss, Rules 123(b) and 149(a) provide as follows:

Rule 123. *** Dismissal

* * * * * * *

(b) Dismissal:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner.  The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

\* \* \* \* \* \* \*

Rule 149. \*\*\*

(a) Attendance at Trials:  The unexcused absence of a party or a party's counsel when a case is called for trial will not be ground for delay.  The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.

We find that petitioners' failure to cooperate with respondent during the pre-trial period made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(c). The Standing Pre-Trial Order has not been complied with by petitioners, nor has there been compliance with the mandates of the Court in Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Furthermore, no trial memorandum was filed on behalf of petitioners.  Thus, in light of petitioners' conduct in this proceeding and their failure to appear when the case was called for trial, we conclude that dismissal is appropriate. Accordingly, respondent's motion to dismiss for lack of prosecution will be granted.

Penalty Under Section 6673

Respondent has moved for a penalty under section 6673. Under the applicable provisions of that section, the Court may award a penalty to the United States of up to $25,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such

proceeding is frivolous or groundless.  Based on the record, we conclude that such an award is appropriate in this case.

Petitioners have pursued a frivolous and groundless position in this proceeding from the time that they submitted their Motion to Dismiss with the attached AAR on September 2, 1988, to their failure to appear at the Trial Session on October 4, 1994. Petitioners' arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions.  See, e.g., Lonsdale v. United States, 919 F.2d 1440 (10th Cir. 1990) (this is the circuit to which an appeal would lie in this case); Rowlee v. Commissioner, 80 T.C. 1111 (1983).

In sum, the conduct and the inaction described above support a finding that petitioners instituted and maintained this action primarily for delay.  We are convinced that petitioners knew their position to be groundless and frivolous, yet they persisted in maintaining this proceeding primarily to impede the proper workings of our judicial system and to delay the payment of their Federal income tax liabilities.  Accordingly, a penalty is awarded to the United States under section 6673 in the amount of $7,500.

To reflect the foregoing,

An appropriate order and decision will be entered.